IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TSDC, LLC**<br>**An Ohio limited liability company**<br>                      **Plaintiff**<br>**v.** | **CASE NO.  1:14-cv-02552** |
| **Choose Hope, Inc.**<br>**A Wisconsin corporation**<br>                      **Defendants** | **JUDGE** |

# <u>COMPLAINT WITH JURY DEMAND</u>

Plaintiff TSDC, LLC, appearing through undersigned counsel, states as follows:

## <u>NATURE OF COMPLAINT</u>

1.  This is an action for infringement of trademarks under 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act which extends protection to unregistered marks); false designation of origin under 15 U.S.C. §1125(a), (Section 43(a) of the Lanham Act); common law trademark infringement; federal unfair competition (likelihood of confusion); federal unfair competition (false or misleading representations); common law unfair competition; unfair competition under Ohio law; deceptive and unfair trade practices under Ohio law; and unjust enrichment.

## <u>THE PARTIES</u>

2.  TSDC, LLC (hereinafter referred to as "TSDC") is a limited liability company, organized under the laws of the State of Ohio, and having a business address at 26583 Center Ridge Road, Westlake, Ohio 44145.

1

3. TSDC owns and operates the Fight Like a Girl organization which centers around supporting women battling cancer and other life-altering illnesses through an online support forum and blog, fundraising services, a non-profit foundation, and a Fight Like a Girl branded product line which consists of apparel, jewelry, and other products associated with cancer and disease awareness and support. The Fight Like a Girl product line is offered for retail sale to the public via the internet and at wholesale to brick-and-mortar retailers across the United States and Canada. The Fight Like a Girl Club is one hundred percent funded by the Fight Like a Girl product line.

4. The Fight Like a Girl organization is comprised of the Fight Like a Girl Club, Fight Like a Girl Official Gear, Fight Like a Girl Fundraising, Fight Like a Girl Wholesale, the Fight Like a Girl Foundation, and the forthcoming Fight Like a Girl Magazine.

5. Upon information and belief, Choose Hope, Inc (hereinafter referred to as "Choose Hope") is a Wisconsin company with a principal place of business and registered statutory address at 1261 West Main Street, Sun Prairie, Wisconsin 53590.

6. Upon information and belief, Defendant offers apparel, jewelry, and other products associated with cancer awareness and support for retail sale to the public via the internet and at wholesale to brick-and-mortar retailers within the United States.

7. In connection with its business, Defendant operates the internet website and social media accounts located at the following urls:

- http://www.choosehope.com.

- https://www.facebook.com/pages/Choose-Hope/108713929166111

- https://twitter.com/ChooseHope1

- http://www.pinterest.com/choosehopeinc/

2

8. Defendant uses its website and social media accounts to market, advertise, and promote the sale of an infringing line of apparel, jewelry, and other products bearing Plaintiff's FIGHT LIKE A GIRL trademarks and identified by Defendant as its Fight Like a Girl collection.

9. Upon information and belief, Defendant has transacted and continues to transact sales in the State of Ohio.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction under 15 U.S.C. §1121, 17 U.S.C. §101 and 28 U.S.C. §1338, and supplemental jurisdiction over the state statutory law and common law claims under 28 U.S.C. §§1338(b) and 1367.

11. Venue is proper in this Court under 28 U.S.C. §§1391(b)(2), as substantial parts of events giving rise to this action arose in this district and a substantial part of property that is the subject of this action is situated; and 28 U.S.C. §1391(c) as presumed corporate Defendants are subject to personal jurisdiction in this district and are, therefore, deemed to reside in this district. Further, upon information and belief, Defendant has an established wholesale business relationship with at least one brick and mortar retailer located in the State of Ohio.

12. The matter in this controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(3).

## TSDC AND ITS MARKS

13. TSDC LLC was formed under the laws of the State of Ohio on April 1, 2010.

14. On April 23, 2010, TSDC applied to register the mark FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER under International Class 045. This mark registered on November 12, 2013 (registration # 4430708). A true and correct copy of this registration is attached as Exhibit A.

15. On July 12, 2010, TSDC applied to register the mark FIGHT LIKE A GIRL CLUB under International Classes 014, 025, and 045 (serial # 85082681). This mark registered on June 10, 2014 (registration # 4545910). A true and correct copy of this registration is attached as Exhibit B.

16. On August 4, 2011, TSDC applied to register the mark FIGHT LIKE A GIRL FOUNDATION under International Class 036 (serial # 85389284). This mark registered on July 8, 2014 (registration # 4564525). A true and correct copy of this registration is attached as Exhibit C.

17. On December 2, 2011, TSDC applied to register the mark FIGHT LIKE A GIRL MAGAZINE under International Class 016 (serial # 85486008). This mark cleared to register on October 8, 2013, and is currently pending a Statement of Use filing. A true and correct copy of the Notice Of Allowance is attached as Exhibit D.

18. On September 10, 2014, TSDC applied to register the mark FIGHT LIKE A GIRL under International Class 025 (serial # 86391464). This mark is currently pending. A true and correct copy of this application is attached as Exhibit E.

19. Although superfluous due to the Unity of Control doctrine, as a formality and to simplify legal matters, on September 27, 2011, Sandy Ellis, as sole proprietor of Awareness Gift Boutique and TSDC's principal and sole decision maker at the time, assigned her common law rights to the FIGHT LIKE A GIRL mark, of which she had owned as a sole

proprietor since at least as early as December 2006, to TSDC LLC effective April 1, 2010 (the date of TSDC's formation).

20. FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER, FIGHT LIKE A GIRL CLUB, FIGHT LIKE A GIRL FOUNDATION, and FIGHT LIKE A GIRL MAGAZINE were not included in the assignment because they were never owned by Ellis as a sole proprietor. Indeed none of these four marks existed until after TSDC's formation. Accordingly, TSDC LLC is and always has been the owner of FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER, FIGHT LIKE A GIRL CLUB, FIGHT LIKE A GIRL FOUNDATION, and FIGHT LIKE A GIRL MAGAZINE.

21. Pursuant to the assignment described in Paragraph 19, TSDC owns common law trademark rights to the mark FIGHT LIKE A GIRL since at least as early as May 12, 2007 with a first use anywhere date of at least as early as December 1, 2006.

| MARK | REG/SERIAL NO. | ISSUE DATE |
|---|---|---|
| FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER | 4,430,708 | November 12, 2013 |
| FIGHT LIKE A GIRL CLUB | 4,545,910 | June 10, 2014 |
| FIGHT LIKE A GIRL FOUNDATION | 4,564,525 | July 8, 2014 |
| FIGHT LIKE A GIRL MAGAZINE | 85486008 | Cleared to Register |
| FIGHT LIKE A GIRL | 86391464 | Pending |

22. Copies of these registrations and pending applications are attached to the Complaint as Exhibits A, B, C, D, and E and are incorporated herein by reference. The registrations and pending marks identified above are valid and subsisting.

23. Pursuant to the Lanham Act, TSDC's registrations identified above constitute prima facie evidence of: (a) the validity of its FIGHT LIKE A GIRL marks and of the registration of those marks; (b) TSDC's ownership of the marks; and (c) TSDC's exclusive right to use

the marks on or in connection with the goods and services stated in the registrations. 15 U.S.C. §§ 1057(b) and 1115(a). In addition, TSDC's registrations constitute constructive notice of TSDC's claim of ownership of its FIGHT LIKE A GIRL marks. See 15 U.S.C. § 1072.

### TSDC: USE AND PROTECTION OF ITS FAMILY OF MARKS

24. Plaintiff TSDC is engaged in the business, *inter alia*, of designing, manufacturing, and selling clothing, jewelry and other items associated with cancer and disease awareness, and providing services for organizing and providing online support groups for those who suffer or are affected by ailments and life-threatening diseases.

25. On or about December, 2006, TSDC published its first t-shirt incorporating the phrase Fight Like a Girl in a martial arts theme.

26. On or about May 12, 2007, TSDC released the FIGHT LIKE A GIRL collection which consisted of a line of t-shirts and other products bearing artwork and graphics that incorporated the phrase Fight Like a Girl. This collection offered a mixture of martial arts designs and breast cancer awareness and support designs and was available at www.blackbeltstuff.com.

27. On or about June 16, 2008, TSDC expanded its FIGHT LIKE A GIRL collection to the Awareness Gift Boutique gift shop at www.awarenessgiftboutique.com. This collection consisted entirely of breast cancer awareness and support apparel and products.

28. On or about February 2009, TSDC launched Fight Like a Girl Fundraising which enabled teams and groups to purchase products from the FIGHT LIKE A GIRL Collection at bulk pricing then resell at retail to earn funds for their charity or cause.

29. On or about October 17, 2009, TSDC registered the domain name www.fightlikeagirltshirts.com to host its FIGHT LIKE A GIRL collection.

30. On or about October 17, 2009, TSDC launched fightlikeagirltshirts.wordpress.com to spotlight selected products from its FIGHT LIKE A GIRL collection, and on the same date posted its first 3 publications featuring selected t-shirts from its FIGHT LIKE A GIRL collection.

31. On or about December 2009, TSDC retained an attorney to assist in challenging a trademark application for a FIGHT LIKE A GIRL mark filed under International Class 025 for hats, shirts, and shorts (serial # 77739012). Application was ultimately abandoned.

32. On or about March 2010, TSDC contracted with GoDaddy.com to build the Fight Like a Girl Club website in order to expand its Fight Like a Girl endeavors to provide support services.

33. On or about April 15, 2010, TSDC registered the domain names:

- www.thefightlikeagirlclub.com

- www.thefightlikeagirlclub.net

- www.thefightlikeagirlclub.org

- www.thefightlikeagirlclub.info

- www.fightlikeagirlclub.net

- www.fightlikeagirlclub.org

- www.fightlikeagirlclub.info

34. On or about April 23, 2010, TSDC filed an application to register the mark FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER for International Class 045 for "organizing and

7

providing an on-line support group for those who suffer or are affected by ailments and life-threatening diseases". This mark registered on November 12, 2013 (registration # 4430708).

35. On or about May 12, 2010, TSDC launched the Fight Like a Girl Club website under the www.fightlikeagirlclub.net domain. The website offered support services, expanded Fight Like a Girl fundraising services, Fight Like a Girl Power Story section, Fight Like a Girl Club Claim Your Power logo t-shirts, and a link to the Fight Like a Girl collection at Awareness Gift Boutique.

36. On or about May, 2010, TSDC expanded the Fight Like a Girl Club to Twitter (www.twitter.com/FightLikeaGirlC).

37. On or about June 4, 2010, TSDC expanded the Fight Like a Girl Club to Facebook (www.facebook.com/fightlikeagirlclub).

38. On or about July 12, 2010, TSDC filed an application to register the mark FIGHT LIKE A GIRL CLUB under International Classes 14 for "jewelry", International Class 025 for "clothing, namely, t-shirts, sweatshirts, tank tops, golf shirts, pants, shorts, ties, sleepwear, hats, jackets", and International Class 045 for "organizing and providing an on-line support group for those who suffer or are affected by ailments and life-threatening diseases".  This mark registered on June 10, 2014 (registration # 4545910).

39. On or about November 15, 2010, TSDC filed a Trademark Trial and Appeal Board trademark opposition against Beyond the Box Inc for the mark FIGHT LIKE A CAROLINA GIRL (serial # 77900545).

40. On or about December 7, 2010, TSDC filed a federal lawsuit against Fight Like a Girl Clique, Ann Galvan, and Gloria Galvan, et al for multiple claims including trademark infringement of its FIGHT LIKE A GIRL marks and copyright infringement.

41. On or about June 10, 2011, TSDC entered into Trademark Trial and Appeal Board opposition proceedings with Sigler Companies for multiple FIGHT LIKE A GIRL marks.

42. On or about August 4, 2011, TSDC filed an application to register the mark FIGHT LIKE A GIRL FOUNDATION under International Class 036 for "charitable fundraising services". This mark registered on July 8, 2014 (registration # 4564525).

43. On or about November 11, 2011, TSDC filed a federal lawsuit against Beyond the Box Inc in the United States District Court for the Middle District of North Carolina to review the decision of the Trademark Trial and Appeal Board in the opposition proceedings referenced in paragraph 39 herein.

44. On or about December 2, 2011, TSDC filed an application to register the mark FIGHT LIKE A GIRL MAGAZINE under International Class 016 for a "periodic publication, namely, a magazine providing articles, information, and stories designed for persons with cancer and other diseases" (serial # 85486008). This mark has been cleared to register and is currently pending submission by Plaintiff of its Statement of Use.

45. On or about September 13, 2012, TSDC founded and launched the FIGHT LIKE A GIRL FOUNDATION, a non-profit organization with a multi-faceted mission of (a) financially and emotionally assisting families experiencing difficulties due to a serious medical diagnosis, (b) funding medical research (c) fulfilling last wishes of individuals who have been given less than one year to live.

9

46. On or about September 10, 2014, TSDC filed an application to register the mark FIGHT LIKE A GIRL under International Class 025 for "athletic shirts; caps; golf shirts; graphic t-shirts; hooded sweatshirts; long-sleeved shirts; polo shirts; shirts; short-sleeved shirts; sport shirts; sports caps and hats; sweatpants; sweatshirts; tank tops".

## DEFENDANT'S INFRINGING ACTIVITIES

47. On or about October, 2013, TSDC's principal, Sandy Ellis, during a phone conversation with a new Fight Like a Girl wholesale customer, Joseph Beth Booksellers, was asked by the company's buyer if Fight Like a Girl was associated with Choose Hope. Ms Ellis replied 'no'. The buyer did not indicate why she asked the question, and regrettably Ms Ellis did not ask. Nonetheless, this prompted Ms Ellis to visit the Choose Hope website to determine what might have caused this buyer to question an association. It is at this time that Ms Ellis encountered the substantial collection of infringing Fight Like a Girl merchandise being offered for sale on the Choose Hope website.

48. After learning of the infringement, Ellis, with the assistance of some of her staff, began researching the extent of Defendant's infringing activities including who they sold their Fight Like a Girl line to, where they sold it, how long the infringement had been going on, and whether or not they had attempted to assert any legal rights to the phrase in preparation for presenting the information to TSDC's counsel. Resources utilized were Defendant's website, Defendant's Facebook page, www.waybackmachine.org, and the USPTO trademark records database. The following is a timeline of Defendant's initial ornamental use and subsequent trademark infringement of TSDC's FIGHT LIKE A GIRL marks.

10

49. On information and belief, Choose Hope began selling its first product bearing the Fight Like a Girl phrase on or about February 4, 2010, well after Plaintiff's first use date of December, 2006 and first trademark use date of May 12, 2007. Defendant's initial product was a single t-shirt design and, in every regard, represented purely ornamental use of the Fight Like a Girl phrase. This ornamentally decorated shirt was displayed on Defendant's website as one product among many unrelated breast cancer awareness products. On information and belief, the use of the Fight Like a Girl phrase on this t-shirt falls under ornamental or decorative use due to the following:

a) It did not belong to a category or collection entitled Fight Like a Girl. Indeed for a user to even view the shirt, one would need to search under a broad category such as "Cancer Gifts" or 'Pink Ribbon" or "Cancer Apparel". Upon performing such a search, Defendant's ornamentally decorated Fight Like a Girl shirt would appear as one item among dozens of general cancer awareness products bearing various phrases.

b) It had no associated logo that would indicate Fight Like a Girl as the source of the shirt. In fact, the only indicators of a source for the shirt was the website's main Choose Hope logo in the header area of the web page and the text above the search results that read "Choose Hope products are designed and created to provide humor, inspiration, ....". (See Exhibit F)

c) The "TM" designation was not used.

d) The words "Fight Like a Girl T-Shirt" used in the title of the t-shirt on the shirt's product page utilized the identical font size, weight, and style indicating that the title is merely descriptive. (See Exhibit G)

11

e) The words contained within the description area of the shirt's product page contained no indication of Fight Like a Girl as the source of the shirt. In fact, the only presence of the words "Fight Like a Girl' within the description is included in the phrase "Show your strength! Fight hard! Fight tough!....Fight Like a Girl!" Again, the words "Fight Like a Girl" are of the exact font size, weight, and style as the remainder of the phrase. (See Exhibit H)

50. On information and belief, Defendant's use of the Fight Like a Girl phrase began encroaching toward trademark use on or about September 18, 2010. By this time, they had created a "Fight Like a Girl" category for collectively displaying their Fight Like a Girl merchandise which now included 2 designs on 8 products. In addition, they changed their heading text from "Fight Like a Girl T-Shirt" to "Fight Like a Girl". (See Exhibit I)

51. Consistent with paragraph 50, on information and belief, Defendant published a Facebook post on October 5, 2010 announcing its 'new' Fight Like a Girl line. (See Exhibit J)

52. On information and belief, Defendant fully encroached into trademark use of Plaintiff's FIGHT LIKE A GIRL mark on or about August 7, 2011. It is around this time that they began referring to their Fight Like a Girl products as their Fight Like a Girl Collection. During this same time period, they added a navigation link entitled "Fight Like a Girl" under the "COLLECTIONS" heading in the left sidebar to readily link their website visitors to their infringing Fight Like a Girl merchandise. (See Exhibit K)

53. On information and belief, and based on date-stamped screenshots obtained from www.waybackmachine.org, Defendant continued to add products to its Fight Like a Girl

line during 2012, however, by far, the largest growth came on or about November 5, 2013. On that date, archived records show that the line had grown to nineteen products.

54. On information and belief, Defendant's infringing Fight Like a Girl collection presently includes seven Fight Like a Girl designs on twenty two products. (See Exhibit L)

55. Notwithstanding Plaintiff's established rights in its registered, pending, and common law FIGHT LIKE A GIRL trademarks, Defendant adopted, has used, and continues to use, promote, advertise, and offer for sale apparel, jewelry, and other products bearing Plaintiff's trademarks.

56. Defendant began utilizing Plaintiff's FIGHT LIKE A GIRL marks as a trademark several months after Plaintiff's filings of its federally registered trademarks FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER and FIGHT LIKE A GIRL CLUB.

57. Even if Defendant's initial ornamental use constituted trademark use (which it does not), Plaintiff's priority is maintained based on its common law trademark rights to the FIGHT LIKE A GIRL mark.

58. On information and belief, Defendant has long known that it was infringing on Plaintiff's trademarks yet continued and continues to this day to trade on and receive the benefit of the goodwill built up by TSDC at great labor and expense over many years.

59. On information and belief and based on the legal page of its website, Defendant is well-versed in trademark law. Defendant goes to great lengths to educate its website visitors on the importance of protecting trademark rights and explains why it is prohibited by law to allow use of any of its phrases by third parties. The fact that Defendant is actively participating in the very behavior that it so ardently instructs its would-be infringers

against is evidence of its willful and intentional disregard of the rights of others while fervently protecting its own.

60. Defendant's use of Plaintiff's marks in commerce is without the permission, license, or authority of TSDC. Such use is confusingly similar to TSDC's federally registered, federally applied for, and common law FIGHT LIKE A GIRL marks.

61. The likelihood of consumer confusion as to the source of Defendant's infringing Fight Like a Girl products is exceptionally high due to:

   a) The phrase being used by Defendant, "Fight Like a Girl", is contained in its entirety within each and every one of Plaintiff's federally registered, federally applied-for, and common law marks therefore similarity between appearance and sound are identical.

   b) The type of goods sold by Defendant under the Fight Like a Girl designation includes apparel, jewelry, and other products such as tote bags, stickers, and drinkware. These are the same products sold by Plaintiff under its FIGHT LIKE A GIRL marks.

   c) Defendant's marketing channels for its infringing Fight Like a Girl products are (1) retail sales via the internet and (2) wholesale sales to brick-and-mortar stores and gifts shops. These are the identical marketing channels used by Plaintiff for its FIGHT LIKE A GIRL branded products.

   d) The commercial impression of Fight Like a Girl as used by Defendant is that of a tough female fighting cancer. This is the identical meaning of Plaintiff's FIGHT LIKE A GIRL marks.

   e) Both Defendant and Plaintiff's primary demographic consists of women who have been affected by cancer.

62. On information and belief, Defendant intends to continue its unauthorized use of Plaintiff's FIGHT LIKE A GIRL marks.

## **FACTS INDICATE WILLFUL INFRINGEMENT**

63. On information and belief, Defendant has been fully aware of Plaintiff's trademarks for years yet has continued to not only infringe on same but has steadily grown the line to the extent that it is currently the second largest collection offered on their entire website.

64. A review of the USPTO trademark application database shows that Defendant has applied for fifteen trademark registrations during the last several years including applications for phrases that are used on a mere two or three products, although the Fight Like a Girl phrase, which comprises its second largest collection of products, has never been applied for nor has it ever included the 'TM' designation, unlike some of their other less utilized phrases.

65. On information and belief, Defendant has never asserted rights for the Fight Like a Girl phrase until challenged by TSDC, although its Fight Like a Girl collection accounts for a large percentage of its overall revenue. Indeed it has remained completely silent for years as TSDC diligently policed and protected its FIGHT LIKE A GIRL marks against at least four third parties and multiple oppositions and lawsuits as set forth herein.

66. Defendant's own description of its Fight Like a Girl Collection alludes to the fact that the mark belongs to a party other than itself: "This ever popular phrase is now available on many of our favorite products…". (See Exhibit M) As set forth previously in this complaint, TSDC is the first party to use the FIGHT LIKE A GIRL mark as an empowerment statement for women battling cancer and other illnesses. Its extensive

15

support network, diligent marketing endeavors, expansion projects, accrual of well over one half million Facebook fans, licensing partnerships, and four separate websites have made it the "ever popular phrase" that Defendant speaks of. This statement alone demonstrates its willful disregard for the hard work of others and is prima facie evidence that it is profiting from the goodwill that Plaintiff has developed around the FIGHT LIKE A GIRL brand.

67. At the very least and without question, Defendant's infringement of Plaintiff's marks has been willful and deliberate since receiving Plaintiff's cease and desist demand on September 2, 2014.

## CEASE AND DESIST DEMAND

68. Upon gathering the information related to Defendant's infringing activities as set forth herein, Plaintiff presented its findings to its counsel, John M. Stryker.

69. On August 25, 2014, a cease and desist demand was mailed via certified mail to Defendant Choose Hope's statutory agent at its registered corporate address.

70. On September 2, 2014, Mr. Stryker received an email from Defendant's counsel, Elizabeth Russell, requesting additional time to respond. An extension of time to reply was agreed to by Plaintiff.

71. On October 27, 2014, a final demand was sent from Mr. Stryker to Ms. Russell demanding that Defendant cease and desist all use of Plaintiff's FIGHT LIKE A GIRL marks by October 30, 2014, or Plaintiff would proceed with filing a complaint.

72. No response was received from Defendant's counsel, thus on November 19, 2014, this complaint was filed.

16

## COUNT I – FEDERAL STATUTORY TRADEMARK INFRINGEMENT

73. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 72 as if fully rewritten here.

74. The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER, FIGHT LIKE A GIRL CLUB, and FIGHT LIKE A GIRL FOUNDATION trademarks in violation of 15 U.S.C. § 1114(1).

75. The acts of Defendant described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

76. Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT 2 – FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

77. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 76 as if fully rewritten here.

78. The acts of Defendant complained of herein constitute trademark infringement of Plaintiff's FIGHT LIKE A GIRL mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and common law upholding such.

79. Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT 3 – FEDERAL STATUTORY DILUTION

80. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 79 as if fully rewritten here.

81. The acts of Defendant complained of herein constitute dilution in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), as amended.

82. Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT 4 – FEDERAL STATUTORY UNFAIR COMPETITION

83. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 82 as if fully rewritten here.

84. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85. Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT 5 – STATE COMMON LAW TRADEMARK INFRINGEMENT

86. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 85 as if fully rewritten here.

87. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of Ohio as protected by § 1329.67 of the Ohio Revised Code.

88. The acts of Defendant have been conducted fraudulently, deliberately, and intentionally to divert sales from Plaintiff and inflict injury on Plaintiff.

89. Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT 6 – STATE STATUTORY TRADEMARK INFRINGEMENT

90. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 89 as if fully rewritten here.

91. The acts of Defendant complained of herein constitute trademark infringement in violation of § 1329.65 of the Ohio Revised Code and § 1329.67(B).

92. Defendant did use, without the consent of the registrant, a colorable imitation of a trademark of another person's registration in the United States Patent and Trademark Office with the other person having a subsequent first use date.

93. Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT 7 – STATE COMMON LAW DILUTION

94. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 93 as if fully rewritten here.

95. The acts of Defendant complained of herein constitute trademark dilution in violation of the common law of Ohio.

96. The acts of Defendant have been conducted fraudulently, deliberately, and intentionally to divert sales from Plaintiff and inflict injury on Plaintiff.

97. Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT 8 – STATE COMMON LAW UNFAIR COMPETITION

98. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 97 as if fully rewritten here.

99. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of Ohio.

100. The acts of Defendant have been conducted fraudulently, deliberately, and intentionally to divert sales from Plaintiff and inflict injury on Plaintiff.

101.     Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT 9 – STATE COMMON LAW UNJUST ENRICHMENT

102.     Plaintiff incorporates its allegations set forth in Paragraphs 1 through 101 as if fully rewritten here.

103.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff in violation of state common law.

104.     The acts of Defendant have been conducted fraudulently, deliberately, and intentionally to divert sales from Plaintiff and inflict injury on Plaintiff.

105.     Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TSDC prays for entry of judgment against Defendant and seeks as follows:

1. Injunctive relief preliminarily and permanently enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them:

    a) From using Plaintiff's federally registered, federally applied-for, and common law trademarks FIGHT LIKE A GIRL, FIGHT LIKE A GIRL CLUB, FIGHT LIKE A GIRL CLUB CLAIM YOUR POWER, FIGHT LIKE A GIRL FOUNDATION, or FIGHT LIKE A GIRL MAGAZINE or any variation thereof, whether alone or in combination with any other word(s) or elements(s), or any

20

mark, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's FIGHT LIKE A GIRL marks;

b)  From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers, and the like, as well as any goods (products, samples, and the like) containing Plaintiff's FIGHT LIKE A GIRL marks or any variation thereof, whether alone or in combination with any other word(s) or element(s), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's FIGHT LIKE A GIRL marks;

c)  From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the FIGHT LIKE A GIRL marks or any variation thereof, whether alone or in combination with any other word(s) or element(s), or any other mark, name, or designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's FIGHT LIKE A GIRL marks;

d)  From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of TSDC's trademark rights in the FIGHT LIKE A GIRL marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval, or affiliation of TSDC by, with, or of Defendant;

e) From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Consistent with paragraph (1)(a) above, Defendant be ordered to remove from sale or display any and all products, catalogs, advertisements, and any other items or goods bearing Plaintiff's FIGHT LIKE A GIRL marks or any word or words confusingly similar thereto. Defendant be also ordered to submit to the Court and serve upon Plaintiff within thirty (30) days after the entry and service of an injunction, a written report detailing gross sales of any goods or services in connection with Plaintiff's FIGHT LIKE A GIRL marks or any word or words confusingly similar thereto.

3. Defendant be ordered to recall all products, catalogs, and marketing materials bearing Plaintiff's FIGHT LIKE A GIRL marks from each and every online and brick-and-mortar wholesale customer in possession of Defendant's infringing products for the purpose of reselling same.

4. Defendant be required to deliver to the Court for destruction, or show proof of destruction of any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, websites, and any other materials in its possession or control bearing Plaintiff's FIGHT LIKE A GIRL marks or any word or words confusingly similar thereto.

5. Defendant be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

6.  Plaintiff recover all damages it has sustained as a result of the activities of Defendant.

7.  A finding that the actions of Defendant were willful and/or in bad faith.

8.  Pursuant to 15 U.S.C. § 1117(a) (Section 35(a) of the Lanham Act), Plaintiff be awarded treble damages and attorneys' fees for willful infringement.

9.  An accounting be directed to determine the profits of Defendant resulting from the activities complained of herein and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

10. Defendant be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

11. Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorney fees.

12. Plaintiff be awarded prejudgment and post-judgment interest.

13. Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs hereby request a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

John M. Stryker (0088821)
20006 Detroit Road, Suite 310
Rocky River, Ohio  44116
216-338-2295
216-777-2064 – fax
john@strykerlaw.com