UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TSDC, LLC.,** | ) | **CASE NO.1:14CV2552** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CHOOSE HOPE, INC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Choose Hope, Inc.'s Motion to Dismiss, or Alternatively to Transfer Venue (ECF # 7). For the following reasons, the Court denies Defendant's Motion.

## BACKGROUND FACTS

Plaintiff TSDC, Inc. is an Ohio company that markets cancer-awareness products. TSDC owns a number of federally registered, federally applied for and common law FIGHT LIKE A GIRL trademarks. TSDC alleges it first used the FIGHT LIKE A GIRL trademark in May of 2007 with a first use anywhere date of December 2006.

Defendant Choose Hope, Inc. is a for-profit company organized in the State of

Wisconsin.  Choose Hope also markets and sells cancer awareness products through its website, www.choosehope.com.  Some of the products sold by Choose Hope use the slogan "Fight Like a Girl."  TSDC's Complaint alleges federal trademark violation claims under statute and common law, federal dilution and unfair competition claims, statutory and common law trademark violation claims, dilution and unfair competition and unjust enrichment claims brought under Ohio law.

On January 6, 2015, Choose Hope filed its Motion to Dismiss, or Alternatively to Transfer Venue, arguing that this Court lacks personal jurisdiction over Choose Hope.  On January 28, 2015, TSDC filed its Opposition to Choose Hope's Motion and on February 11, 2015, Choose Hope filed its Reply.

## LAW AND ANALYSIS

When a court approaches a motion to dismiss for lack of personal jurisdiction based solely on written materials and affidavits, "the burden on the plaintiff is relatively slight, [...] and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal [ ] [...]." *Ampco System Parking v. Imperial Parking Canada Corp.*, No. 1:11CV1172, 2012WL1066784, at *2 (N.D. Ohio Mar. 28, 2012) (quoting *Air Prods. & Controls, Inc., v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).  The court "does not weigh the controverting assertions of the party seeking dismissal." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).  Plaintiff need only establish jurisdictional claims with  "reasonable particularity" and the pleadings and affidavits are construed in the light most favorable to plaintiff. *Ampco*, 2012WL1066784, at *2.  The burden is on the plaintiff, however, to establish that jurisdiction exists, and the plaintiff may

2

not merely stand on his pleadings in the face of a properly supported motion for dismissal. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff must set forth specific facts showing that the court has jurisdiction. *Id.* Therefore, dismissal is proper only if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case for jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

**Personal Jurisdiction**

To determine whether personal jurisdiction may be exercised, this Court applies Ohio law and uses a two step analysis. *Sterling Jewelers, Inc. v. M & G Jewelers, Inc*., No. 5:14CV2030, 2015 WL 545778, at *1 (N.D. Ohio Feb. 10, 2015). First, the Court determines whether Ohio's long arm statute confers personal jurisdiction. *Id*. If the Court determines that the long-arm statute confers personal jurisdiction, it then determines whether exercising jurisdiction over the Defendant would deprive the Defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. *Id*.

**Ohio's Long Arm Statute**

TSDC contends its Complaint satisfies sections (A)(1) through (3) of Ohio's long-arm statute, found in O.R.C. § 2307.382. The pertinent portions of the long-arm statute provide:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state....
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by an act or omission in this state;

Courts do not apply a generalized test when determining whether a defendant transacted business in Ohio pursuant to R.C. § 2307.382(A)(1), but make determinations on a case by case basis. *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 236 (1994); *see also Joffe*

3

*v. Cable Tech, Inc.*, 163 Ohio App. 3d 479, 488 (2005).  The Ohio Supreme Court has held that to 'transact business' is "to prosecute negotiations; to carry on business; [or] to have dealings."  *Faurecia Exhaust Sys., Inc. v. Walker*, 464 F. Supp. 2d 700, 705-06 (N.D. Ohio 2006) citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 75 (1990).  The Ohio Supreme Court has stated that Section (A)(1) is "very broadly worded and permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio."  *Genesis Insurance Co. v. Alfi,* 425 F.Supp.2d 876, 894 (S.D.Ohio 2006) (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.,* 53 Ohio St.3d 73, 559 N.E.2d 477 (1990).

Defendant admits it sells its products to Ohio residents.  In support of its Motion to Dismiss, Defendant submits the affidavit of Paula Lundberg, officer and part owner of Choose Hope.  In her affidavit, Lundberg states:

> 13. Since 2009, Choose Hope has marketed a variety of products using the "Fight Like A Girl" slogan. However, such sales in Ohio are an insignificant percentage of the company's business. Since 2009, purchases of "Fight Like A Girl" products by all Ohio customers have accounted for less than 0.3% of total company sales, and only 4.3% of total "Fight Like A Girl"sales nationwide. Purchases of "Fight Like A Girl" products by Ohio wholesalers accounts for only 0.07% of company sales. While total company sales have averaged $2.6 million per year, "Fight Like A Girl" purchases by Ohio wholesalers average less than $2,000 per year, and "Fight Like A Girl" purchases by retail customers from Ohio average less than $4,900 per year.

Given the broad wording of O.R.C. § 2307.382, the Court holds that Choose Hope's regular internet sales to Ohio customers constitutes "transacting business" in Ohio sufficient to confer personal jurisdiction over it.  Choose Hope argues that its website requires retail consumers to agree to its Terms of Use before purchasing its products.  These Terms of Use include an acknowledgment that the sale is made in Wisconsin.  However, this condition has

only been imposed since July 2013 and the relevant time period extends arguably to 2010, thus, even if the Court were to consider such a defense it would not apply to the entirety of the time frame of infringement alleged in the Complaint.

Choose Hope contends TSDC's claims rely on Choose Hope's advertising of its alleged trademark infringing products on its website.  Advertising, according to Choose Hope, is not "transacting business" so as to confer personal jurisdiction over it by this Court.  Furthermore, Choose Hope contends Plaintiff's claims arise out of Choose Hope's advertising, not sales of infringing products.  This ignores several paragraphs in Plaintiff's Complaint that expressly allege that its claims arise from the advertising and sale of Choose Hope infringing products in Ohio.  For example, in paragraph 55 of its Complaint, TSDC alleges "Defendant adopted, has used, and continues to use, promote, advertise and offer for sale apparel, jewelry, and other products bearing Plaintiff's trademarks."  Also, at paragraph 61(b) it reads "The type of goods sold by Defendant under the Fight Like a Girl designation includes  apparel, jewelry, and other products such as tote bags, stickers, and drinkware. These are the same products sold by Plaintiff under its Fight Like a Girl marks."   In each individual claim for relief, TSDC incorporates these allegations as fully rewritten therein. These allegations make clear that Plaintiff's claims do not arise solely from Defendant's advertisement of infringing products but also from its sales of such products.  Construing these allegations in a light most favorable to Plaintiff, the Court finds TSDC has alleged claims arising from Choose Hope's sales of allegedly infringing products.

Choose Hope also argues TSDC has failed to meet its burden to show personal jurisdiction over Choose Hope because TSDC failed to submit an affidavit.  However, Choose

Hope's affidavit admits transacting business with Ohio residents. Therefore, Plaintiff did not need an affidavit to support its claim since the relevant evidence was admitted by Defendant.

Having found that Defendant has transacted business in Ohio, the Court next must decide if exercising personal jurisdiction over Choose Hope violates its due process rights. In order for personal jurisdiction to comply with due process, Defendants must have "minimum contacts" with the forum state "so that the maintenance of the action does not offend 'traditional notions of fair play and substantial justice.'" *Citizens Bank v. Parnes*, 376 F. App'x 496, 502 (6th Cir. 2010). An out of state defendant has minimum contacts "where [its ]conduct and connection with the forum state are such that he would reasonably anticipate being haled into court there." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). In the corporate context, general jurisdiction is proper where the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum state." *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, No. 1:14 CV 329, 2014 WL 3615382, at *4 (N.D. Ohio July 18, 2014), citing *Daimler*, 134 S. Ct. at 751. Ohio law does not recognize general jurisdiction over non-resident defendants, instead, it requires that the court finds specific jurisdiction under Ohio's long- arm statute. *Ohio Edison Co. v. Frontier N. Inc.*, No. 5:14CV321, 2014 WL 6389564, at *4 (N.D. Ohio Nov. 14, 2014) citing *Conn v. Zakharov*, 667 F.3d 705, 717 (6th Cir. 2012).

Specific jurisdiction exists and exposes the defendant to suit in the forum state where

6

the defendant's contacts with the forum give rise to the claim. *Daimler*, 134 S. Ct. at 754.

The Sixth Circuit has articulated a three-part test for determining whether the exercise of specific personal jurisdiction comports with due process:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Kerry Steel*, 106 F.3d at 150 (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

**Choose Hope purposefully availed itself of the privilege of conducting business in Ohio**

To be subject to personal jurisdiction, the defendant must "purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Importantly, the plaintiff's unilateral activity will not satisfy the required contact between the defendant's and the state. *Id.* The Supreme Court has held that "[w]here the defendant deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).

The Court also notes that the Southern District has held that "the purposeful availment

prong of the constitutional analysis is coextensive with the 'transacting business' prong of Ohio's long-arm statute" and that if the 'transacting business' prong confers personal jurisdiction over an out of state defendant, exercising personal jurisdiction over that defendant will not offend the 'purposeful availment' prong of the constitutional analysis. *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 168 (S.D. Ohio 2012). As the Sixth Circuit discussed in *Burnshire Development. LLC v. Cliffs Reduced Iron Corp.*, "These holdings are in complete agreement with constitutional holdings disallowing reliance on random, fortuitous, and attenuated contacts and instead emphasizing the importance of ongoing, substantive contacts in the forum state. As a result, we conclude that the Ohio "transacting any business" standard is coextensive with the purposeful availment prong of constitutional analysis." 198 Fed. App'x. 425, 432, 2006 WL 2440849, 6 (6th Cir.,2006).

Under applicable Sixth Circuit law, an out of state defendant "purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002) citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D. Pa 1997). Here, the Court finds that Choose Hope purposefully availed itself of the privilege of doing business in Ohio by engaging in substantial yearly sales of its allegedly infringing products in the State of Ohio over the course of several years and continues to do so. Choose Hope's website offers allegedly infringing products for sale. Customers go to the website, select the product they want to purchase, include their pertinent information, including payment and shipping address and Choose Hope ships the product to residents and wholesalers. According to Defendant's own supporting

affidavit, this includes thousands of dollars of product sent to Ohio residents and wholesalers each year.

Choose Hope argues that its sales to Ohio residents constitute a small percentage of its yearly sales, however, the Sixth Circuit in *Neogen* has expressly stated, "the proper test for personal jurisdiction is not based on a "percentage of business" analysis....... but rather on whether the absolute amount of business conducted...... represents something more than "random, fortuitous, or attenuated contacts" with the state." *Neogen*, 282 F.3d at 891-92. The regular yearly sales by Choose Hope to Ohio residents of its allegedly infringing products demonstrates an intention by Choose Hope to continue to transact business in Ohio. As the Sixth Circuit discussed in *Neogen*, even though Ohio customers contacted Choose Hope through its website, Choose Hope still had to accept payments from Ohio residents and ship its products to Ohio. This evidences an intent to conduct business in Ohio. In fact, *Neogen* held that the act of shipping product to a resident in its home state evidences the intent of the out of state defendant to reach out to the purchaser's state sufficient to show purposeful availment. *Id.* See *Zoya Co. v. NIOS, Inc.* No. 13-CV-780 2013 WL 4511922, * 4 (N.D. Ohio Aug. 23, 2013) (holding that out of state Defendant's knowing sale of a product to an Ohio resident demonstrated purposeful availment).

Choose Hope contends that purchasers, including Ohio residents, must agree that all sales are deemed to have occurred in Wisconsin before they can complete a purchase. Therefore, the sales cannot be the basis for finding that Choose Hope purposefully availed itself of the privilege of transacting business in Ohio. However, as *Neogen* held, it is the conduct of Choose Hope in taking monies from Ohio residents and shipping products to Ohio

9

that establishes jurisdiction.  The Court finds Terms and Use conditions imposed on purchasers is not binding on TSDC since it is not a party to the Terms and Use conditions at issue between Choose Hope and purchasers.  Rather, it is the conduct engaged in by Choose Hope in taking money from Ohio residents and shipping thousands of dollars of product each year to Ohio that satisfied the purposeful availment requirement.  Therefore, the Court finds Choose Hope has purposefully availed itself of the privilege of conducting business in Ohio.

**TSDC's causes of action arise from Choose Hope's activities in Ohio**

As to whether a cause of action arises from the Defendant's activities in the forum state, the Sixth Circuit has held that "[i]f a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996).  In its Complaint, TSDC alleges that its claims center on Choose Hope's advertising and sales of infringing products, including sales in Ohio.  It further alleges that by selling its infringing products, Choose Hope diverts sales from Plaintiff, causing injury to Plaintiff.  Plaintiff's business is located in Ohio, therefore, the effects of Defendant's sales of allegedly infringing product in Ohio would be felt most acutely in Ohio.  Because TSDC's claims specifically contend its claims arise from Choose Hope's advertising and sales of infringing products in the State of Ohio, the Court finds that Choose Hope's causes of action arose from CSG's activities in Ohio.

**c. Personal jurisdiction over Choose Hope is Reasonable**

The Sixth Circuit has held that if it finds that the defendant purposefully availed himself of the forum and that the cause of action arose from the defendant's contacts, it will presume that specific assertion of personal jurisdiction is proper. See *First Nat. Bank of Louisville v. J. W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982) (holding that "[w]hen the first two elements are met, an inference arises that the third, fairness, is also present; only the unusual case will not meet this third criterion."). Because the Court has found that Choose Hope purposefully availed itself of the Ohio forum and that the cause of action arose from Choose Hope's contacts, the Court presumes that personal jurisdiction over Choose Hope is proper. Given the admitted yearly sales of products to Ohio wholesalers and residents and continued sales therein, the Court finds Plaintiff has made a prima facie showing of personal jurisdiction. Because the three *Southern Machine* criteria are met, the Court finds that the exercise of personal jurisdiction over Choose Hope would comport with due process.

Therefore, Choose Hope's Motion to Dismiss or transfer is denied. Because the Court finds its has personal jurisdiction over Choose Hope, the Court denies Defendant's motion in the alternative to transfer the case to Wisconsin based on 28 U.S.C. §1406(a).

IT IS SO ORDERED.

                                       s/ Christopher A. Boyko
                                       CHRISTOPHER A. BOYKO
                                       United States District Judge

Dated: May 5, 2015