IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TSDC, LLC**, | ) | CASE NO. 1:14-cv-02552 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | **NOTICE OF DEPOSITION** |
| | ) | *DUCES TECUM* |
| **CHOOSE HOPE, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed.R.Civ.Pro. 30, Defendant, Choose Hope, Inc., will take the deposition upon oral examination, recorded by stenographic means, of:

**DEPONENT**:  Sandra Ellis
1956 Sperrys Forge Trail
Westlake, OH   44145

**DATE and TIME**: August 24, 2015 beginning at 9:30 a.m.

**LOCATION**: Collins, Roche, Utley & Garner, LLC,
800 Westpoint Parkway, Suite 1100,
Westlake, Ohio

The examination will continue from day to day until completed.

**DUCES TECUM**:  Pursuant to Fed.R.Civ.Pro. 30(b)(2) and 34, the deponent is required to produce at the time of the deposition the described records, documents, and things in the attached Exhibit A.

Respectfully submitted,

*/s/ Kurt D. Anderson*_____
KURT D. ANDERSON (46786)
kanderson@cruglaw.com
COLLINS, ROCHE, UTLEY & GARNER
800 Westpoint Parkway, Suite 1100
Cleveland, OH 44045
T: (216) 916-7730 F: (216) 916-7725

*Counsel for Defendant Choose Hope, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing has been filed with the Court electronically on this 25th day of July, 2015. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's CM/ECF System.

> */s/ Kurt D. Anderson*
> KURT D. ANDERSON (0046786)
> *Counsel for Defendant Choose Hope, Inc.*

## EXHIBIT A -- <u>DUCES TECUM</u>

## DEFINITIONS

1. The term "document" when used herein, means all originals of any nature whatsoever, identical copies and all non-identical copies thereof pertaining to any medium upon which intelligence or information is recorded in your possession, custody, or control regardless of where located; including, without limiting the generality of the foregoing, punch cards, print-out sheets, video or movie film, slides, photographs, records, microfilm, notes, letters, memoranda, ledgers, work sheets, books, magazines, notebooks, diaries, calendars, appointment books, registers, charts, tables, papers, agreements, contracts, purchase orders, acknowledgements, invoices, authorizations, budgets, analyses, projections, transcripts, minutes of meetings, correspondence, drafts, data processing discs or tapes, and computer produced interpretations thereof, x-rays, instructions, announcements, schedules, price lists, and sound recordings and transcripts thereof. The term "document" additionally means all electronically-stored information, which includes all data or data compilations stored in any medium.

2. All documents, information, or data currently existing in electronic form, including spreadsheet files, database files, or word processing files, should be provided in the original format, unless that format requires specialized or proprietary hardware or software. Electronic mail messages should be provided in their original electronic form, including original unaltered metadata, even if only available on backup or archive tapes or discs. The magnetic media on which the electronic data is produced should be on recordable CDs (CD-ROM) or DVD. Compression utilities such as WinZip are acceptable as long as provision does not violate licensing or copyright laws. If producing documents as images, please contact us to coordinate the appropriate protocol.

3. Database files should be in sequential format, also known as ASCII files or flat files, with data fields in fixed-column positions. For each database file provided, the following information is needed: a record layout, a short narrative description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information; name of the field, description of the field, starting and ending position of the field, length of the field, stating and ending position of the record, and characteristics of the field (i.e. packed decimal, zoned decimal, alphanumeric, etc.).

4. Every individual or entity identified herein includes any agents or representatives.

5. "FLAG" means "Fight Like A Girl", whether used alone or in connection with other words or symbols, including any symbols substituting for letters. "FLAG-related" means using or having reasonable semblance to or connection with "FLAG" or similar words.

6. "You" and "your" refer to Sandra Ellis, individually (not TSDC, Inc.).

**DOCUMENTS TO BE PRODUCED**

1. Your complete federal tax returns, including all schedules, or alternatively complete IRS transcripts, for tax years 2007 to 2014;

2. All monthly and annual financial statements and/or reports for any proprietary business through which you marketed and or sold FLAG-related goods or services;

3. Documents identifying every FLAG-related good or service you have ever marketed or sold at any time, including SKU numbers or other means by which you identified and tracked the sale of each FLAG-related good or service;

4. For each FLAG-related good or service you have ever sold, documents reflecting:
    a. The first date of marketing or advertising;
    b. The first date of sale;
    c. The volume of sales on a monthly basis (or the next most frequent basis for which you maintain regular records);

5. All documents reflecting your advertising of all FLAG-related goods or services;

6. All documents, including correspondence and emails, reflecting any communication with any third party regarding your marketing or sale of FLAG-related products;

7. All documents, including correspondence or emails, reflecting every action you have taken to protect your trademark interests in any of your FLAG-related products or services, and including but not limited to challenges by you to any application to register a FLAG-related trademark, and notices of infringement, cease and desist demands, and/or civil actions by you challenging any third party marketing any FLAG-related good or service, since your first use date of FLAG;

8. All FLAG-related documents you have filed for any purpose with the US Patent and Trademark Office;

9. All documents reflecting any agreements (including but not limited to contracts, assignments, licenses, settlement agreements, etc.) pertaining to any FLAG-related trademark or other intellectual property rights, between you and any third party (including but not limited to TSDC, LLC);

10. All documents, including correspondence and emails, reflecting any communication between you and Choose Hope, Inc. at any time prior to this litigation;

11. All documents, including correspondence and emails, reflecting any non-privileged communication between you and any third-party relating to Choose Hope's FLAG-related goods or services;

4

12. Documents reflecting your initial registration or creation and subsequent maintenance of any website or social media account through which you have advertised or marketed any FLAG-related goods or services;

13. All documents (including but not limited to contracts, invoices, receipts, and statements of account) reflecting any contract with a third party relevant to your marketing and/or sale of FLAG-related products (including but not limited to suppliers, advertisers, retail or downstream merchants);

14. Copies of initial pleadings and final judgment or dismissal entry in all litigation in which you have been involved as a party or interested person, involving any FLAG-related issues.